UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH CARE FOR ALL, WISCONSIN CITIZEN ACTION, UNITED SENIOR ACTION OF INDIANA, JUDITH C. MEREDITH, MICHELLE MADOFF, ROSE LOHMAN and CAVALIER HOMES, INC., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PFIZER INC., PHARMACIA CORP., and G.D. SEARLE & CO.,<br><br>    Defendants. | Civil Action No. 05-10707-DPW<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' MOTION TO DISMISS CLAIMS OF
THE INDIVIDUAL PLAINTIFFS**

Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b) Defendants Pfizer Inc., Pharmacia Corp., and G.D. Searle LLC[1] ("Defendants") hereby move to dismiss the Complaint of Plaintiffs Judith C. Meredith, Michelle Madoff and Rose Lohman ("Plaintiffs"), filed on April 8, 2005 (the "Complaint" or "Compl."), for failure to state a claim upon which relief can be granted and for failure to plead fraud with particularity.

Plaintiffs Judith C. Meredith and Michelle Madoff allege that they are residents of the Commonwealth of Massachusetts and the State of Arizona, respectively. (Compl. ¶¶ 15-16). Plaintiff Rose Lohman's residency is not alleged and, therefore, is unknown. (Compl. ¶ 17).

---

[1]  G.D. Searle & Co. was converted to a limited liability company named "G.D. Searle LLC" on December 31, 2000. Its sole member is Pharmacia Corp. In April 2000, Pharmacia & Upjohn, Inc. merged with Monsanto Co., the parent of G.D. Searle & Co.

Plaintiffs bring this putative class action on behalf of a nationwide class of persons and entities who allegedly have "paid for the drug Celebrex," a prescription non-steroidal anti-inflammatory drug. (Compl. ¶ 1). Plaintiffs do not claim that they or any putative class member suffered any personal injury from their use of Celebrex; indeed, Plaintiffs specifically *exclude* from the class "those who assert personal injury claims." (Id.) Rather, in the absence of any allegations of actual harm or lack of efficacy, Plaintiffs seek damages for purported "overpayments made on purchases of Celebrex resulting from Defendants' illegal scheme." (Id. ¶ 11). According to the Complaint, but for alleged misrepresentations and omissions by defendants concerning the efficacy and risks of Celebrex, putative class members would have paid less for Celebrex. (Id. ¶ 9).

On the basis of these allegations, Plaintiffs assert four causes of action: (1) violations of 18 U.S.C. § 1962(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2; (3) violations of the consumer protection statutes of all fifty states; and (4) unjust enrichment. As more fully set forth in Defendants' accompanying Memorandum of Law, Plaintiffs' claims are deficient and cannot withstand scrutiny. Plaintiffs do not allege that the asserted RICO violations proximately caused them any injury. Plaintiffs' RICO claim also fails because they have not pleaded this claim in accordance with the particularity requirements set forth in Fed. R. Civ. P. 9(b). Plaintiffs' claim under the New Jersey Consumer Fraud Act alleges a theory rejected by New Jersey federal and state courts and, therefore, fails to state a viable cause of action under this statute. Plaintiffs also have not pleaded the basic prerequisites for their asserted claims of unjust enrichment, violations of the Massachusetts and Arizona consumer fraud statutes, and violations of the consumer

fraud/consumer protection statutes of the other "fifty states." Accordingly, each of Plaintiffs' claims should be dismissed.

WHEREFORE, Defendants respectfully request that this Court:

1. Allow Defendants' Motion; and

2. Dismiss, with prejudice, all Counts against them; and

3. Grant such further relief as this Court deems just and appropriate.

### REQUEST FOR HEARING

Pursuant to Local Rule 7.1(d), Defendants hereby request oral argument upon each and every issue raised in their Motion to Dismiss and accompanying Memorandum of Law, as well as any issue raised in opposition thereto.

Respectfully submitted,
**PFIZER INC., PHARMACIA CORP., and G.D. SEARLE LLC,**
By their attorneys,

*/s/ Joseph J. Leghorn*

_____

Joseph J. Leghorn, BBO No. 292440
J. Christopher Allen, Jr. BBO No. 648381
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
(617) 345-1000

-Of Counsel-

James D. Arden
Benjamin R. Nagin
SIDLEY AUSTIN BROWN & WOOD LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Richard F. O'Malley, Jr.
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

DATED:  June 10, 2005                                                              (312) 853-7000

**CERTIFICATE OF SERVICE**

I, J. Christopher Allen, Jr. do hereby certify that a true copy of the above document was served upon Thomas M. Sobol, Hagens Berman Sobol Shapiro LLP, One Main Street, Fourth Floor, Cambridge, MA, 02142, counsel of record for plaintiffs, on this 10th day of June, 2005 by electronic service.

*/s/ J. Christopher Allen, Jr.*
_____
J. Christopher Allen, Jr.