UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH CARE FOR ALL, WISCONSIN CITIZEN ACTION, UNITED SENIOR ACTION OF INDIANA, JUDITH C. MEREDITH, MICHELLE MADOFF, ROSE LOHMAN and CAVALIER HOMES, INC., individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>PFIZER INC., PHARMACIA CORP., and G.D. SEARLE & CO.,<br><br>　　　　　　Defendants. | Civil Action No. 05-10707-DPW |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO TO DISMISS CLAIMS BROUGHT BY THE ORGANIZATIONAL PLAINTIFFS AND CAVALIER HOMES, INC.**

Defendants Pfizer Inc., Pharmacia Corp. and G.D. Searle LLC ("Defendants") submit this memorandum of law in support of their motion to dismiss the Complaint of Plaintiffs Health Care For All, Wisconsin Citizen Action, United Senior Action Of Indiana, and Cavalier Homes, Inc. ("Plaintiffs") filed on April 8, 2005 (the "Complaint" or "Compl."), for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and for failure to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

**PRELIMINARY STATEMENT**

Plaintiffs bring this putative class action on behalf of a nationwide class of persons and entities who allegedly have "paid for the drug Celebrex."[1] (Compl. ¶ 1). Plaintiffs do not claim

---

[1] Plaintiffs elsewhere claim to bring this action as putative representative of "[a]ll persons in the United States who, since 1999, have paid for some or all of the purchase price for Celebrex either on their own behalf or on behalf of someone else who ingested this drug." Compl. ¶ 161.

that any class member suffered any personal injury from their use of Celebrex; indeed, Plaintiffs specifically *exclude* from the class "those who assert personal injury claims." (Id.) Rather, in the absence of any allegations of actual harm or lack of efficacy, Plaintiffs seek damages for purported "overpayment made on purchases of Celebrex resulting from Defendants' illegal scheme." (Id. ¶ 11). According to the Complaint, but for alleged misrepresentations and omissions by Defendants concerning the efficacy and risks of Celebrex, putative class members would have paid less for Celebrex. (Id. ¶¶ 9, 204).

The Complaint contains four counts: (1) for violation of 18 U.S.C. § 1962(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) for violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2; or, in the alternative (3) for violation of the consumer protection statutes of all fifty states; and (4) for unjust enrichment. Each claim lacks merit and should be dismissed.

As an initial matter, Plaintiff Cavalier Homes, Inc. ("Cavalier") is barred from bringing this action because a federal district court already has dismissed a virtually identical lawsuit by Cavalier for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). See Cavalier Homes, Inc. v. Pfizer, CV-04-3512-J (N.D. Ala. Mar. 9, 2005).[2] Accordingly, res judicata applies and precludes Cavalier's effort to forum shop for a different outcome.

Plaintiffs Health Care for All, Wisconsin Citizen Action, and United Senior Action of Indiana (collectively, the "Organizational Plaintiffs") also lack standing to bring this action in a representative capacity because the damages those entities seek necessarily require the participation of their members in this lawsuit.

---

[2] Copies of the amended complaint and decision from the Cavalier Homes action are attached as Exhibits A and B, respectively, to the accompanying Affidavit of Joseph Leghorn, sworn to on June 9, 2005 ("Leghorn Aff.").

Even assuming that the Organizational Plaintiffs had the ability to pursue the Complaint as a matter of standing generally, they lack standing to pursue a RICO claim under 18 U.S.C. § 1962(c) because they did not sustain an injury to their business or property. Further, both the Organizational Plaintiffs and Cavalier fail to comply with the heightened pleading requirements of Fed. R. Civ. P. 9(b), which applies to RICO claims based upon predicate acts of mail or wire fraud.

The claims of Cavalier and the Organizational Plaintiffs under the New Jersey Consumer Fraud Act fail because those entities are not "consumers," a prerequisite for such a claim. Additionally, the claims under the New Jersey Consumer Fraud Act should be dismissed because the "price inflation" theory of proximate causation upon which Plaintiffs rely does not support such a claim.

Finally, Plaintiffs' unjust enrichment claim fails for the reasons set forth in the accompanying *Memorandum of Law in Support of Defendants' Motion to Dismiss the Claims of the Individual Plaintiffs*.[3]

## STATEMENT OF FACTS

**A.    The Parties**

Organizational Plaintiff Health Care for All is a "consumer health advocacy organization" located in Boston, Massachusetts. (Id. ¶ 12). Organizational Plaintiff Wisconsin Citizen Action is a "consumer health advocacy organization" located in Wisconsin. (Id. ¶ 13). Organizational Plaintiff United Senior Action of Indiana is a "consumer health advocacy organization" located in Indiana. (Compl. ¶ 14). None of the Organizational Plaintiffs alleges

---

[3] By notice of motion dated June 9, 2005, Defendants also moved to dismiss the claims of the individual plaintiffs named in the above-captioned action.

any personal injury from the use of Celebrex, or that Celebrex was ineffective. Nor do the Organizational Plaintiffs allege that they paid any amounts for Celebrex. And, while each of the Organizational Plaintiffs generally alleges that its "members have purchased Celebrex during the relevant period and were injured by the illegal conduct alleged in the Complaint," none of the Organizational Plaintiffs provides any other information concerning the identity of its members or those members' experiences with Celebrex. (Id. ¶¶ 12-14).

Plaintiff Cavalier is a Delaware corporation with its principal place of business in Alabama. (Id. ¶ 18) Cavalier alleged that it purchased drugs, including Celebrex, on behalf of its employees. (Id.) Cavalier does not allege any personal injury from the use of Celebrex, or that Celebrex was ineffective.

Defendant Pharmacia is a Delaware corporation with its principal place of business in New Jersey. (Id. ¶ 20). Defendant Pfizer is a Delaware corporation with its principal place of business in New York. (Id. ¶ 21). Defendant Searle was a Delaware corporation with its principal place of business in Illinois (Id. ¶ 22), but has been converted to a limited liability company; Pharmacia is its sole member.[4]

Plaintiffs allege that Defendants marketed and sold Celebrex. (Compl. ¶¶ 20-23). Celebrex is a non-steroidal anti-inflammatory drug that selectively inhibits cyclo-oxygenase 2 ("COX-2"), which is inducible and expressed at sites of inflammation, while sparing cyclo-oxygenase 1 ("COX-1"), which is associated with gastroprotection. (Id. ¶ 3). In addition to Celebrex, other COX-2 inhibitors included Vioxx. (Id. ¶ 4).

---

[4] Although the Complaint references "G.D. Searle & Co.," that entity was converted to a limited liability company named "G.D. Searle LLC" on December 31, 2000. In April 2000, Pharmacia & Upjohn, Inc. merged with Monsanto Co., the parent of G.D. Searle & Co.

**B.    The Allegations**

Plaintiffs allege that Defendants marketed, advertised, and promoted Celebrex to consumers and doctors in an "unlawful" manner, including through the "suppression of data showing the cardiovascular risks," "the manipulation of data" to improve the drug's gastrointestinal safety profile, and the distribution of other "false promotional materials." (Id. ¶ 5.). Plaintiffs contend that the alleged conduct resulted in "[b]illions of dollars" being "wasted" by members of the purported class who have paid allegedly inflated amounts for Celebrex. (Id. ¶ 9). No plaintiff alleges that Celebrex caused any personal injury or that Celebrex failed to provide pain relief.

## ARGUMENT

**I.    PLAINTIFF CAVALIER'S CLAIMS ARE BARRED UNDER THE DOCTRINE OF RES JUDICATA.**

Plaintiff Cavalier attempts to re-litigate here the same claims that a federal district court in Alabama previously dismissed. In Cavalier Homes, Inc. (Leghorn Aff., Ex. 1), Hagens Berman – plaintiffs' counsel here – brought virtually identical claims on behalf of Cavalier against the same defendants. In Cavalier Homes, as here, Cavalier contended that the alleged conduct of defendants resulted in "billions of dollars" being "wasted" by plaintiff and members of a putative class who "have paid a premium price" for Celebrex. (Id., Ex. 1 ¶ 9). Based on the same allegations presented here, the district court held in Alabama that "plaintiff has failed to allege proper standing" to assert claims under RICO, several state consumer protection statutes (including New Jersey), and unjust enrichment, explaining that "the plaintiff has failed to allege any facts demonstrating that it was injured by the acts or omissions of the defendants [or] to allege any facts demonstrating that any acts or omissions of the defendants proximately resulted in injury to the plaintiff." (Id., Ex. 2 p. 2.)

The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Havercombe v. Dep't of Educ. of the Commonwealth of P.R., 250 F.3d 1, 3 (1st Cir. 2001) (*quoting* Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 414 (1980)). "Under a federal-law standard, … [this requires] (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or privies in the two suits." Kale v. Combined Ins. Co. of America, 924 F.2d 1161, 1165 (1st Cir. 1991). The First Circuit takes a "transactional" approach to determining whether the causes of action are identical; that is, "as long as the new complaint grows out of the same transaction or series of connected transactions as the old complaint, the causes of action are considered to be identical for res judicata purposes." Id., at 1166 (citation omitted).

Cavalier's claims in the instant case clearly meet the requirements for dismissal pursuant to the doctrine of res judicata. First, the granting of Defendants' Rule 12(b)(6) motion by the Northern District of Alabama was unquestionably a final judgment on the merits. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3, 101 S. Ct. 2424, 2428 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 388 (1st Cir. 1994); Connaughton v. New England Tel. and Tel., CIV.A. No. 87-2369-MA, 1988 WL 34321, at *2-3 (D. Mass. Mar. 18, 1988).

Second, the claims in the earlier lawsuit are virtually identical to those in the instant case. Both cases arise out of the same transaction – the marketing and sale of Celebrex by Defendants. Moreover, Cavalier asserted the same claims in each action. Compare Leghorn Aff. Ex. 1, ¶¶ 164-190, 191-198, 199-202 (asserting claims under RICO, unjust enrichment and several

consumer fraud statutes in Alabama action), with Compl. ¶¶ 171-198, 199-208, 209-211, 213-217) (same claims in present action). Under the transactional approach followed by the First Circuit, there is an identity of claims for res judicata purposes. See Kale, 924 F.2d at 1166.

Third, the parties are identical. In the previous action, Cavalier – a plaintiff in this action – brought suit against Pfizer, Pharmacia, and Searle, the Defendants in this action.

Cavalier cannot relitigate its claims in the instant action simply because it was not satisfied with the results and hopes to achieve a different result in a different jurisdiction. See, e.g., Havercombe, 250 F.3d at 3.[5] Accordingly, Cavalier's claims should be dismissed.

## II. THE ORGANIZATIONAL PLAINTIFFS LACK STANDING TO BRING THIS SUIT.

As a threshold matter, all of the claims asserted by the Organizational Plaintiffs must be dismissed because those entities lack standing. In order to have standing to bring suit on behalf of its members, an organization must meet a three-part test:

> (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation in the lawsuit of each of the individual members.

Boston's Children First v. Boston Sch. Comm., 183 F. Supp. 2d 382, 403 (D. Mass. 2002), aff'd sub nom. Anderson ex rel. Dowd v. City of Boston, 375 F.3d 71, 74 (1st Cir. 2004). An organizational plaintiff's claim will be dismissed unless all three requirements for associational standing are satisfied. See id.

---

[5] The district court in Alabama granted defendants' motion to dismiss before Cavalier filed a written opposition. Cavalier did not seek reconsideration of the decision or appeal. Plaintiff's strategic decision to forum shop and apparently abandon its action in Alabama, however, does not affect the res judicata analysis. See generally, Federated Dep't Stores, Inc., 452 U.S. at 394, 400-401, 101 S. Ct. at 2426, 2429 (dismissal was proper where "respondents … made a calculated choice to forgo their appeals").

Here, the Organizational Plaintiffs fail to satisfy the third prong of the associational standing test and therefore lack standing to bring *any* cause of action on behalf of their members against. A determination of whether individual participation is required rests upon the nature of the requested relief. See Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197 (1975). The Supreme Court has refused to grant standing to an organizational plaintiff seeking "relief in damages for alleged injuries to its members" where "the damages claims are not common to the entire membership, nor shared by all in equal degree." Id., 422 U.S. at 515, 95 S.Ct. at 2214.

Here, the Organizational Plaintiffs seek to recover alleged "damages arising from the overpayment made on purchases of Celebrex resulting from Defendants' illegal scheme." (Compl. ¶ 11). Such damages clearly "are not common to the entire membership, nor shared by all in equal degree." Warth, 422 U.S. at 515, 95 S.Ct. at 2214. Rather, the damages will vary from member to member based upon factors such as the price paid by the particular member and how much of the drug he or she purchased. Thus, any injury (to the extent a member could prove that he or she was injured) "is peculiar to the individual member concerned." Id. Consequently, Organizational Plaintiffs cannot satisfy the third prong of the associational standing test, and their claims against Defendants must be dismissed. See, e.g., id. 422 U.S. at 516, 95 S. Ct. at 2214.

Moreover, the Complaint's lack of specificity as to the alleged injuries of the Organizational Plaintiffs' members also militates against a finding of standing. See, e.g., U.S. v. AVX Corp., 962 F.2d 108, 115, 117 n.9 (1st Cir. 1992) (finding no standing where organizational plaintiff "did not name even one" of its members, explaining that "where standing is at issue, heightened specificity is obligatory at the pleading stage"). Here, each Organizational Plaintiff makes the same, bare allegation that it "has standing to bring this action on behalf of

itself and all consumers in" the state in which it is located. Yet, like the plaintiffs in *AVX Corp.*, Organizational Plaintiffs do fail to identify the name of even one of these alleged members. (Compl. ¶ 12, 13, 14). Indeed, the District of Massachusetts recently dismissed the claims of several organizational plaintiffs – *including all of the Organizational Plaintiffs in this action* – under similar circumstances because they had failed to allege facts sufficient to establish standing. See In re: Pharm. Indus. Average Wholesale Price Litig., 263 F. Supp. 2d 172, 193-94 (D. Mass. 2004). In that case, as here, "[n]one of the associations alleges specific members who purchased a specific drug from a specific company. Instead, the allegations in the complaint and accompanying affidavits contain only bare-bone assertions and empirically non-verifiable conclusions unsupported by specific facts concerning any injury-in-fact on the part of one of its members." Id. at 194.

### III.   THE COMPLAINT FAILS TO STATE A RICO CLAIM.

#### A.   The Organizational Plaintiffs Do Not Have Standing to Bring a Claim Under § 1962(c).

Even assuming, *arguendo*, that the Organizational Plaintiffs have associational standing to bring claims on behalf of their members, the RICO claim alleged in the Complaint must be dismissed because the Organizational Plaintiffs lack standing under RICO section 1962(c).

RICO authorizes private plaintiffs to sue for damages only where they have been injured "in [their] business or property by reason of" the alleged RICO violation. See 18 U.S.C. § 1964(c). Thus, an organization seeking to sue on behalf of its members must (1) "meet the tests for associational or representational standing," *and* (2) "sufficiently establish that a RICO defendant's conduct caused *it* some injury to business or property." Libertad v. Welch, 53 F.3d 428, 437 n. 4 (1st Cir. 1995) (emphasis added) (on appeal from summary judgment, holding that organization lacked standing under RICO where record only indicated an injury to a group

member rather than providing "any evidence or even any specific allegation that the [organization]… sustained any injury to business or property").

Here, even if the Organizational Plaintiffs met the test for associational standing – and they do not – the Complaint does not allege that *they* were injured in any way.  While the Organizational Plaintiffs conclusorily allege that their members were injured, they do not even purport to allege that they themselves suffered any injury to business or property.  (Compl. ¶¶ 12-14).  Because the Organizational Plaintiffs do not allege a RICO injury, they lack RICO standing and their RICO claim should be dismissed.  See Libertad, 53 F.3d at 437 n. 4; see also Bass v. Campgnone, 838 F.2d 10, 12 (1st Cir. 1998) (to recover under RICO, private plaintiffs must prove their injuries were proximately caused by defendants' acts).

### B. The Complaint's Allegations of "Racketeering Activity" Do Not Satisfy Rule 9(b).

Cavalier and the Organizational Plaintiffs' RICO claim also fails to satisfy Fed. R. Civ. P. 9(b).  "In order to plead a violation of mail or wire fraud [as a predicate act of racketeering activity under RICO], a plaintiff must show that: (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails in furtherance of the scheme; and (3) the defendants did so with specific intent to deceive or defraud." In Transit Sales, Inc. v. Banco Popular de P.R., Inc., 204 F.Supp.2d 298, 300 (D. P.R. 2002) (internal citation omitted); see also Bonilla v. Volvo Car Corp., 150 F.3d 62, 66 (1st Cir. 1998).

Allegations of mail or wire fraud must comply with Rule 9(b).  Ahmed v. Rosenblatt, 118 F.3d 886, 889 (1st Cir. 1997).  Such compliance requires the "pleader . . . [to] state the time, place, and content of the alleged mail and wire communications perpetrating that fraud."  Id.  Rule 9(b)'s particularity requirement promotes several interests.  It serves "(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of

a groundless fraud claim as a pretext to discovering a wrong or as a strike suit; and (3) to safeguard defendants from frivolous charges which might damage their reputations." Cutler v. Fed. Deposit Ins. Corp., 781 F.Supp. 816, 818 (D. Me. 1992) (citation omitted).

Moreover, Rule 9(b) requires that "[w]here a plaintiff claims that multiple defendants committed mail fraud, she must make particularized allegations against each individual defendant." White v. Union Leader Corp., No. Civ. 00-122-B, 2001 WL 821527, at *4 (D.N.H. July 13, 2001). Rule 9(b) is not satisfied by vague allegations that simply lump multiple defendants together without specifically attributing the assertedly fraudulent conduct to any of them. See, e.g., id.; Rhone v. Energy N., Inc., 790 F. Supp. 353, 359-360 (D. Mass. 1991) (dismissing RICO claim for failure to comply with Rule 9(b) where plaintiff failed to specify "the acts committed by each defendant").

Here, the Complaint does not comply with Rule 9(b). First, it does not plead that *each* defendant committed mail or wire fraud with the requisite specificity. Rather, plaintiff makes vague allegations of alleged misrepresentations dating as far back as 1999 that simply are attributed to "Defendants" as a group. (See, e.g., Compl. ¶¶ 91, 93, 103, 184). Without attributing the purported misrepresentations to particular defendants, Plaintiffs' allegations cannot give notice to each of the defendants of the specific wrongdoing alleged against it as required by Rule 9(b). See Cutler, 78 F. Supp. at 818 (Rule 9(b) serves to put defendants on notice). Furthermore, while Plaintiffs provide some content for a few of the allegedly deceptive advertisements, (Compl. ¶¶ 110, 129, 132), they fail to allege, as they must, where the advertisements ran. See Hernandez v. Ballesteros, 333 F. Supp. 2d 6, 11-12 (D. P.R. 2004) (dismissing complaint for lack of particularity where plaintiff alleged the content of the communications but "[did] not state the time or place of the wire communications").

Accordingly, Cavalier and Organizational Plaintiffs fail to allege that any defendant engaged in "racketeering activity" – mail or wire fraud – and their RICO claim must be dismissed.

## IV. THE COMPLAINT FAILS TO STATE A CLAIM UNDER NEW JERSEY'S CONSUMER FRAUD ACT.

As set forth in Defendants' Memorandum of Law in Support of their Motion to Dismiss the Claims of the Individual Plaintiffs (pp. 8-10), the Complaint fails to allege a valid cause of action under the New Jersey Consumer Fraud Act.

Additionally, Cavalier and the Organizational Plaintiffs lack standing to assert a claim under the NJCFA because they were not "consumers," a prerequisite to recovery. See City Check Cashing, Inc. v. Nat'l State Bank, 244 N.J. Super. 304, 309, 582 A.2d 809, 811 (App. Div. 1990). New Jersey courts have given "consumer" "the ordinary meaning of that term in the market place": a purchaser of "products from retail sellers of merchandise." D'Ercole Sales, Inc. v. Fruehauf Corp., 206 N.J. Super. 11, 23, 501 A.2d 990, 996-97 (App. Div. 1985) (internal quotation marks and citations omitted). As health advocacy organizations that did not purchase Celebrex and a corporation that allegedly purchased Celebrex on its employees' behalf, (Compl. ¶¶ 12, 13, 14, 18), the Organizational Plaintiffs and Cavalier are not "consumers" of the drug and therefore cannot bring a claim under the statute. See, e.g., City Check Cashing, Inc., 244 N.J. Super. at 309, 582 A.2d at 811 (plaintiff "must be one who uses (economic) goods, and so diminishes or destroys their utilities") (citation and internal quotation marks omitted).[6]

---

[6] Indeed, New Jersey courts repeatedly have held that corporations may assert NJCFA claims only where – unlike Cavalier Homes and Organizational Plaintiffs here – they have purchased goods for their own use. See Arc Networks, Inc. v. Gold Phone Card Co., 333 N.J. Super. 587, 590, 756 A.2d 636, 638 (Law Div. 2000) (corporation must "purchase goods and services for use in their business operations"); Perth Amboy Iron Works, Inc. v. Am. Home Assur. Co., 226 N.J. Super. 200, 209, 543 A.2d 1020, 1024-25 (App. Div. 1988) (corporation purchased boat for its own use); D'Ercole Sales, 206 N.J. Super. at 23, 501 A.2d at 996-97 (corporation purchased tow truck for its own use).

**V.    THE COMPLAINT'S ALTERNATIVE CLAIM UNDER THE CONSUMER FRAUD STATUTES OF ALL FIFTY STATES LACKS MERIT.**

As set forth in Defendants' Memorandum of Law in Support of their Motion to Dismiss the Claims of the Individual Plaintiffs (pp. 13-14), the Complaint seeks to assert a blunderbuss claim for violation of the consumer fraud statutes in all fifty states that is improper and otherwise defective.

**VI.    THE COMPLAINT FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT.**

As set forth in Defendants' Memorandum of Law in Support of their Motion to Dismiss the Claims of the Individual Plaintiffs (p. 13), the Complaint does not state a claim for unjust enrichment.

**CONCLUSION**

For all of the reasons set forth above, the claims of the Organizational Plaintiffs and Cavalier should be dismissed in their entirety.

Respectfully submitted,
**PFIZER INC., PHARMACIA CORP., and G.D. SEARLE LLC,**
By their attorneys,

*/s/ Joseph J. Leghorn*
_____

Joseph J. Leghorn, BBO No. 292440
J. Christopher Allen, Jr. BBO No. 648381
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
(617) 345-1000

-Of Counsel-

James D. Arden
Benjamin R. Nagin
SIDLEY AUSTIN BROWN & WOOD LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Richard F. O'Malley, Jr.
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

DATED:  June 10, 2005

## CERTIFICATE OF SERVICE

I, J. Christopher Allen, Jr. do hereby certify that a true copy of the above document was served upon Thomas M. Sobol, Hagens Berman Sobol Shapiro LLP, One Main Street, Fourth Floor, Cambridge, MA, 02142, counsel of record for plaintiffs, on this 10th day of June, 2005 by electronic service.

*/s/ J. Christopher Allen, Jr.*
_____
J. Christopher Allen, Jr.