UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HEALTH CARE FOR ALL, WISCONSIN CITIZEN ACTION, UNITED SENIOR ACTION OF INDIANA, JUDITH C. MEREDITH, MICHELLE MADOFF, ROSE LOHMAN and CAVALIER HOMES, INC., individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

PFIZER INC., PHARMACIA CORP., and G.D. SEARLE & CO.,

        Defendants.

Civil Action No. 05-10707-DPW

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS CLAIMS BROUGHT BY THE ORGANIZATIONAL PLAINTIFFS AND CAVALIER HOMES, INC.**

In further support of their Motion to Dismiss the Claims Brought by the Organizational Plaintiffs and Cavalier Homes, Inc., defendants Pfizer Inc., Pharmacia Corp. and G.D. Searle LLC ("Defendants") hereby give notice of a recent order by the United States District Court for the Northern District of Alabama in *Cavalier Homes, Inc. v. Pfizer Inc., et al.*, Civil Action No. CV-04-J-3512-J. A true copy of the Order is attached hereto as Exhibit 1. Defendants further state as follows:

    1.    On June 10, 2005 Defendants moved to dismiss the claims of plaintiff Cavalier Homes, Inc. ("Cavalier Homes"), along with the claims of the other organizational plaintiffs, pursuant to Fed. R. Civ. P. 12(b)(6).

BOS1521443.1

- 2 -

2. As grounds for their motion to dismiss the claims of Cavalier Homes, Defendants demonstrated that the same claims that Cavalier Homes has asserted in this action had already been dismissed on the merits by the United States District Court for the Northern District of Alabama in a decision and order issued on March 9, 2005 in a matter styled *Cavalier Homes, Inc. v. Pfizer Inc., et al.*, Civil Action No. CV-04-J-5-3512-5. Therefore, Cavalier Homes' claims are barred by the doctrine of *res judicata*.

3. In their opposition, plaintiffs vainly contend that Cavalier Homes' claims are not barred by *res judicata* because:

   (1) The District Court never entered a final judgment on the merits; and

   (2) The court "certainly would have allowed Cavalier Homes… to cure the defect before entering final judgment."

4. The attached decision by the United States District Court for the Northern District of Alabama makes clear that its March 9, 2005 decision was an adjudication on the merits of Cavalier Homes' claims.

5. In its order the court unambiguously states that its March 9, 2005 decision allowing the defendants' Motion to Dismiss "is a final judgment on the merits."

6. In addition, the United States District Court for the Northern District of Alabama also denied plaintiff, Cavalier Home's leave to file an amended complaint.

7. In short, to the extent there was any doubt regarding the nature of the dismissal by the March 9, 2005 decision and Cavalier Homes' ability to amend the complaint, the attached decision erases it.

                                    Respectfully submitted,
                                    **PFIZER INC., PHARMACIA CORP., and G.D. SEARLE LLC,**
By their attorneys,

/s/ *Joseph J. Leghorn*
_____
Joseph J. Leghorn, BBO No. 292440
J. Christopher Allen, Jr. BBO No. 648381
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

-Of Counsel-

James D. Arden
Benjamin R. Nagin
SIDLEY AUSTIN BROWN & WOOD LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Richard F. O'Malley, Jr.
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

DATED: August 26, 2005

## CERTIFICATE OF SERVICE

I, J. Christopher Allen, Jr. do hereby certify that a true copy of the above document was served upon Thomas M. Sobol, Hagens Berman Sobol Shapiro LLP, One Main Street, Fourth Floor, Cambridge, MA, 02142, counsel of record for plaintiffs, on this 26th day of August, 2005 by electronic service.

/s/ J. Christopher Allen, Jr.
_____
J. Christopher Allen, Jr.

**EXHIBIT 1**

FILED
2005 Aug-24  AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

CAVALIER HOMES, INC., individually and on
behalf of all others similarly situated,

        Plaintiff,

vs.                                                   CASE NO. CV-04-J-3512-J

PFIZER INC., PHARMACIA CORP., and
G.D. SEARLE & CO.,

        Defendants.

## ORDER

In response to Plaintiff's First Amended Class Action Complaint (doc.8), Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 10). The court considered all submitted documents, granted Defendants' motion to dismiss, and entered an order dismissing the case (doc. 13).

Plaintiff has now filed a Motion for Leave to File Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(1) (doc. 14). Plaintiff seeks an order granting voluntary dismissal, a stay of the action, or leave to file an amended complaint (doc. 14). Defendants have filed a Response and Brief in Opposition to Plaintiff's Motion (docs. 15, 17).

Having considered Plaintiff's Motion for Leave to File Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(1), Defendants' response, and all

other submitted documents, the court is of the opinion that Plaintiff's motion is due to be denied;

It is therefore **ORDERED** by the court that the motion for leave to file voluntary dismissal is **DENIED**.

On March 9, 2005, the court granted Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (doc. 13). "Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). This dismissal precludes Plaintiff's filing for voluntary dismissal, receiving a stay in the action, and filing an amended complaint. Plaintiff's motion is hereby **DENIED**.

**DONE** and **ORDERED** this the 23rd day of August, 2005.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE